UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
FELIX FILPO,                                   :
                            Plaintiff,   :
                                                               :                      15-CV-3136 (JPO)
                      -v-                                     :
                                                               :                    OPINION AND ORDER
CITY OF NEW YORK, et al.,                     :
                            Defendants.  :
                                                             :
------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Plaintiff Felix Filpo, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 on April 16, 2015, against the City of New York; Corizon Health Services, Inc. ("Corizon"); Victor Vazquez, former Warden of the Eric M. Taylor Center; and Carolyn Saunders, Warden of the Vernon C. Bain Center (named in the complaint as "John/Jane Doe Warden of VCBC/The Boat"). (Dkt. No. 2 ("Compl.").) Filpo alleges that while he was incarcerated in New York City Department of Correction facilities on Rikers Island, he was forced to work despite his medical condition. (*Id.* at 3.)

       On March 20, 2016, Defendants moved to dismiss. (*See* Dkt. No. 17.) Filpo did not oppose Defendants' motion within four weeks, as required by the Court's Individual Practices in Pro Se Cases. On April 25, 2016, the Court *sua sponte* issued and Order extending Filpo's time to respond to May 25, 2016, and warned that, should Filpo fail to deliver his brief to the proper prison authorities by that time, the Court would consider Clinton's motion to be unopposed. (Dkt. No. 20.) The Court mailed a copy of that Order to Filpo to his listed address. (*Id.*) Filpo has not filed an opposition brief.

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state a claim upon which relief can be granted. (*See* Dkt. No. 18.) "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining . . . ." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). Accordingly, the district court must determine whether dismissal is appropriate on the merits, as "the plaintiff's failure to respond . . . does not warrant dismissal." *Id.* at 323.

Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007). The Court is mindful that any "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (Sotomayor, J.) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Nonetheless, a complaint must contain "factual allegations sufficient to raise a right to relief above the speculative level," including "an allegation regarding [each] element necessary to obtain relief." *Blanc v. Capital One Bank*, No. 13 Civ. 7209, 2015 WL 3919409, at *2 (S.D.N.Y. June 24, 2015) (quotations omitted).

Having conducted an independent review of the record, the Court concludes that the motion to dismiss must be granted. Filpo's complaint alleges that, while at the Eric M. Taylor Center ("EMTC"), he "informed the [correctional] officers . . . that [he] could not perform any

physical duties due to an injury" and "showed [them] the scars of [his] many operations," but that he was "ridiculed by the officers and verbally abused." (Compl. at 3.) He was then transferred to "The Boat" (the Vernon C. Bain Center), with no opportunity to view the "doctor's note stating that [he] should not work." (*Id.*) After "explain[ing]" what had happened to the staff at The Boat, Filpo was sent back to EMTC, where he was "threatened with a loss of good time along with an infraction if [he] did not work." (*Id.*) As a result, Filpo alleges he was "forced to work" in the EMTC mess hall for "approximately 2 months, which caused . . . further injury and pain." (*Id.*) He claims that medical staff began writing "temporary 'no-work' orders when they clearly knew for a fact that [the] medical condition was and is permanent." (*Id.*) He also alleges that corrections staff called him "Crackhead," "Dope-Fiend," and "Worthless," while making threats against him and forcing him to work while calling him a "slave." (*Id.*)

Filpo's claims must be dismissed because he fails to state a claim against the named defendants. Filpo names as Defendants Victor Vazquez, former Warden of EMTC and Carolyn Saunders, Warden of The Boat; along with the City of New York and Corizon.

As regards Vazquez and Saunders, Filpo fails to describe their direct involvement in the alleged deprivation of his rights. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). "Personal involvement of a supervisory official may be established 'by evidence that: (1) the [official] participated directly in the alleged constitutional violation, (2) the [official], after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the [official] created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4)

physical duties due to an injury" and "showed [them] the scars of [his] many operations," but that he was "ridiculed by the officers and verbally abused." (Compl. at 3.) He was then transferred to "The Boat" (the Vernon C. Bain Center), with no opportunity to view the "doctor's note stating that [he] should not work." (*Id.*) After "explain[ing]" what had happened to the staff at The Boat, Filpo was sent back to EMTC, where he was "threatened with a loss of good time along with an infraction if [he] did not work." (*Id.*) As a result, Filpo alleges he was "forced to work" in the EMTC mess hall for "approximately 2 months, which caused . . . further injury and pain." (*Id.*) He claims that medical staff began writing "temporary 'no-work' orders when they clearly knew for a fact that [the] medical condition was and is permanent." (*Id.*) He also alleges that corrections staff called him "Crackhead," "Dope-Fiend," and "Worthless," while making threats against him and forcing him to work while calling him a "slave." (*Id.*)

Filpo's claims must be dismissed because he fails to state a claim against the named defendants. Filpo names as Defendants Victor Vazquez, former Warden of EMTC and Carolyn Saunders, Warden of The Boat; along with the City of New York and Corizon.

As regards Vazquez and Saunders, Filpo fails to describe their direct involvement in the alleged deprivation of his rights. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). "Personal involvement of a supervisory official may be established 'by evidence that: (1) the [official] participated directly in the alleged constitutional violation, (2) the [official], after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the [official] created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4)

the [official] was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the [official] exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring.'" *Id.* (alterations in original) (quoting *Colon*, 58 F.3d 865 at 873). Here, Filpo has provided no description of Vazquez's and Saunders's involvement in the conduct forming the basis of the alleged deprivation of his rights. The closest Filpo comes to mentioning Vazquez or Saunders is a comment that he informed the "Wardens' Deputy's [sic]" of his condition, but Filpo does not allege that Vazquez or Saunders personally were informed. (Dkt. No. 2 at 4.) Moreover, even if Vazquez and Saunders had been notified of Filpo's condition, this alone is insufficient to support a claim of deliberate indifference under § 1983. To state a claim, Filpo would have to allege something more—that these defendants' were subjectively aware of and indifferent to Filpo's objectively serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Ross v. Correction Officers John & Jane Does 1-5*, 610 F. App'x 75, 77 (2d Cir. 2015).

As regards the municipal Defendants, Corizon[1] and the City of New York, Filpo fails to allege an official policy, custom or practice to support municipal liability. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Filpo does not allege any policy, custom, or practice of the City or Corizon that is causally connected to his alleged deprivation. Nor does he claim that the deprivation resulted from actions taken by officials whose decisions represent official policy, or from a failure to train or supervise amounting to deliberate indifference. *See Guzman*

---

[1] Courts in this Circuit have held that Corizon should be treated as a municipality for the purpose of *Monell* liability, as it is performing a traditionally public function in this context. *See, e.g.*, *Bess v. City of New York*, No. 11 Civ. 7604, 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013) ("In providing medical care in prisons, Corizon performs a role traditionally within the exclusive prerogative of the state and therefore, in this context, is the functional equivalent of the municipality.").

*v. United States*, No. 11 Civ. 5834, 2013 WL 5018553, at *3-4 (S.D.N.Y. Sept. 13, 2013). Filpo's claims against all Defendants must therefore be dismissed.

"[W]here dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Crisci-Balestra v. Civil Serv. Employees Ass'n, Inc.*, 2008 WL 413812, at *6 (E.D.N.Y. Feb. 13, 2008) (quoting *Shelton v. Trs. of Columbia Univ.*, 236 F. App'x 648, 649 (2d Cir. 2007)).

Here it is possible that Filpo, if given a chance to amend his complaint, might plead the specific involvement of Vasquez or Saunders in the alleged deprivation of his rights. He could do so by identifying either of them in his complaint by name and by describing with some degree of specificity why either was directly responsible for the conduct alleged. Similarly, he could describe particular practices, policies, or customs of Corizon and the City of New York that caused the deprivation of his rights. Because it is possible that future amendment would not be futile, Filpo is granted leave to amend.

For the foregoing reasons, Defendants' motion to dismiss GRANTED, and the case is dismissed.  The Court grants Plaintiff leave to amend.  Any further amended complaint, to the extent permitted by this opinion, shall be filed within sixty days of this Opinion and Order.  If no such amended complaint is filed, the dismissal shall be with prejudice and the case shall be closed.

The Clerk of Court is directed to close the motion at Docket Number 17.

SO ORDERED.

Dated: December 15, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*